## PIERCE v. YOUNG.

### No. 8654.

Court of Civil Appeals of Texas. San Antonio.
Oct. 28, 1931.

Rehearing Denied Nov. 25, 1931.

Frank Hartgraves, of Menard, for appellant.

F. T. Neel, of Menard, and Griffin & Kimbrough, of McAllen, for appellee.

FLY, C. J.

Appellant sued appellee on a written contract for $135 concerning certain advertising matter consisting of 500 "Polychrome Blue Thermometers." The contract provided for payment of the amount in Menard county. The contract was in the form of an order for the thermometers, and was signed by Harry J. Young. He did not describe himself as agent for S. J. Young, but ordered the goods to be delivered to Young's Music Store in McAllen, Hidalgo county. Young's Music Store was the property of appellee. It was the conten-

tion of appellee that Harry J. Young was not his agent and had no authority to give the order for the thermometers and charge him with payment for the advertising matter. There was no evidence offered except the controverting affidavit, the alleged facts of which appellant was permitted to reiterate on the trial. Admitting the regularity of the second verification of the affidavit, and that each fact therein stated was true, there is nothing stated that tends to show that Harry J. Young was not the agent of S. J. Young. The statement that Harry J. Young acted as agent was a conclusion of appellant, but it was positively stated and was not objected to by appellee. No one contradicted the statement that Harry J. Young was the agent of S. J. Young and as such agent executed the contract or order in which he agreed to pay for the thermometers in Menard county. The evidence was sufficient to establish the agency, and the application for the change of venue should have been overruled. Appellee, through his agent, contracted to pay for the advertising matter in Menard, in writing, and the case comes clearly within the provision of the statute (Rev. St. 1925, art. 1995 (5).

The judgment is reversed, and judgment here rendered that the plea of privilege of appellee be denied and the venue be held in Menard county.